THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DEMICHAEL J. ROWELETTE,<br><br>Defendant. | CASE NO. CR17-0070-JCC-1<br><br>ORDER |

This matter comes before the Court on Defendant's motion for temporary release to attend his grandmother's funeral (Dkt. No. 61). Having thoroughly considered the briefing and record before the Court, and for the reasons set forth below, the Court DENIES the motion.

I.  **BACKGROUND**

In 2018, Demichael Rowelette was sentenced to 60 months and 1 day of custody and 3 years of supervised release for an armed bank robbery offense. (Dkt. No. 43.) He was released on June 2, 2021. On January 31, 2022, Mr. Rowelette's probation officer received a call from a Tukwila Police Department officer stating they had probable cause to arrest Mr. Rowelette for felony harassment, first degree assault, and unlawful possession of a firearm. (Dkt. No. 48 at 1.) Mr. Rowelette was arrested on February 14, 2022 and ordered detained by United States Magistrate Judge Michelle Peterson. (Dkt. No. 53.)

Mr. Rowelette is alleged to have gotten in a physical altercation with his ex-wife while

1  returning their daughter to her custody. (Dkt. No. 62 at 2.) The Government contends that,
2  according to police reports, Mr. Rowelette's ex-wife called her boyfriend and when he arrived, Mr.
3  Rowelette fired multiple shots at him, missing and then fleeing the scene by vehicle. (*Id.*) The
4  Government also informs the Court that Mr. Rowelette has been charged in King County Superior
5  Court with two counts of Assault in the Second Degree with Firearm Enhancement and Unlawful
6  Possession of a Firearm in the First Degree. (*Id*. at 2.)

7        Mr. Rowelette is currently in custody pending a July 12, 2022 evidentiary hearing on
8  supervised release violations connected to the above incident. (Dkt. Nos. 56, 60, 62 at 2.) He
9  requests temporary leave from detention to attend the funeral services for his paternal grandmother,
10 which will take place on July 11, 2022, from 11:00 a.m. to approximately 6:00 p.m. at Full Gospel
11 Pentecostal Church in West Seattle. (Dkt. No. 61 at 2.)

12 **II.    DISCUSSION**

13       Temporary release may be granted if the Court determines that release is "necessary for
14 preparation of the person's defense or for another compelling reason." 18 U.S.C. § 3142(i). A
15 defendant bears the burden of establishing circumstances warranting temporary release. *United*
16 *States v. Terrone*, 454 F. Supp. 3d 1009, 1018 (D. Nev. 2020). The original grounds for detention
17 remain a factor in the court's analysis. *United States v. Rhule*, 2021 WL 63250, slip. op. at 4
18 (W.D. Wash. 2021). And, in cany case, the relief authorized by § 3142(i) is to be used
19 "sparingly." *United States v. McKnight*, 2020 WL 1872412, slip op. at 2–3 (W.D. Wash. 2020).

20       The Court recognizes the extremely challenging circumstances presented by the death of
21 Mr. Rowelette's grandmother, and his understandable desire to be present with his family at the
22 funeral and subsequent family gathering. However, the Court must continue to consider the
23 factors that warranted Mr. Rowelette's detention. (*See* Dkt. Nos. 48, 63.) None of those
24 circumstances have changed.

25       Defense counsel asserts that "there is reasonable cause to believe that [Mr. Rowelette] will
26 honor the trust to be imposed in him." (Dkt. No. 61 at 3 (quoting 18 U.S.C. § 3622(a)(2)).) But Mr.

Case 2:17-cr-00070-JCC   Document 67   Filed 07/07/22   Page 3 of 3

1  Rowelette is alleged to have repeatedly failed to comply with his conditions of supervised release
2  and refrain from gun possession. (Dkt. No. 62 at 2.) Therefore, the Court is not reassured. While
3  Mr. Rowelette's father has offered to support his temporary release though third-party
4  guardianship and defense counsel has proposed other means of risk mitigation, such as GPS
5  monitoring, (Dkt. No. 61 at 2), these measures cannot sufficiently mitigate the risks presented by
6  Mr. Rowelette in terms of both danger to the community and risk of nonappearance.

## III.  CONCLUSION

For the foregoing reasons, Defendant's motion for temporary release from custody (Dkt. No. 61) is DENIED.

DATED this 7th day of July 2022.

*John C. Coughenour*
John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER CR17-0070-JCC-1
PAGE - 3